IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN H. VELARDI, SR., | : | NO. 2:06-cv-00659-2-LDD |
| Defendant. | : | |
| | : | |

MEMORANDUM

AND NOW, this 14th day of August 2008, upon consideration of Defendant's Motion for Payment of Attorneys Fees and Costs Pursuant to 18 U.S.C. § 3006A (Doc. No. 102) and the Government's Response in Opposition to Defendant Velardi's Motion for Payment of Attorney's Fees and Costs Pursuant to 18 U.S.C. § 3006A (Doc. No. 108), it is hereby ORDERED that Defendant's Motion for Payment Attorneys Fees and Costs pursuant to 18 U.S.C. § 3006A is DENIED.

I. Factual and Procedural History

Defendant John H. Verlardi ("Defendant"), pursuant to 18 U.S.C. § 3006A, has brought a motion for attorney fees and costs incurred in the course of defending against several counts set forth in the November 28, 2006 indictment. The indictment charged him with one count of mail fraud and two counts of wire fraud in connection with an alleged scheme to fraudulently assign a subcontract. Specifically, the indictment charged that starting in July 2003, Defendant, the

Facilities Director for Philadelphia Airport Services ("PAS")[1], and Milton Street ("Street"), the President of Notlim, Inc. ("Notlim"), attempted to fraudulently assign a subcontract for the performance of various maintenance services at the Philadelphia International Airport from Notlim to V-Tech Services, Inc. ("V-Tech"), a company owned by Thanh Nguyen ("Nguyen"). On September 22, 2003, Street and Nguyen entered into an agreement purporting to assign the subcontract. In return for this assignment, Nguyen gave Street $50,000 in partial payment and lent him an additional $30,000. However, according to the indictment, Notlim's subcontract had already been rescinded on June 18, 2003, and thus could not be assigned to Nguyen. The indictment further alleges that although Defendant was aware that Notlim's subcontract had been rescinded, in September 2003 Defendant told Nguyen that he approved of the assignment of the subcontract. Furthermore, the indictment alleged that between September 2003 and July 2004, Defendant continually delayed V-Tech's start date under the subcontract.

At trial, Nguyen testified about the role Defendant played in the assignment of the subcontract. Nguyen testified that Defendant told him that if he made Street happy that Defendant would approve the assignment of the subcontract. Nguyen also testified that he had meet with various people, including Defendant, leading up to the assignment of the subcontract. Nguyen further testified that he had spoken with Defendant after September 22, 2003 and that Defendant was aware of the assignment of the subcontract. Nguyen also testified that Defendant never informed him that PAS had rescinded Notlim's subcontract. Furthermore, Nguyen testified that after the assignment, Defendant kept postponing the start of the work related to the

---

[1] PAS was a joint venture formed in 2001 to bid on the facilities maintenance contract for the Philadelphia International Airport and the Northeast Philadelphia Airport. PAS was awarded the contract on July 19, 2001.

subcontract.  The government introduced into evidence an unsigned letter found in Defendant's office purporting to acknowledge that PAS approved of the assignment of the subcontract from Notlim to V-Tech.  Nguyen testified that a similar letter signed by Defendant and on PAS letterhead was shown to him on the day he signed the assignment agreement.

At the close of the government's case, Defendant moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.  The Court initially deferred ruling on this motion, but ultimately denied the motion finding that there was sufficient evidence to send the case to the jury.  The case was then given to the jury and, after three days of deliberations, the jury returned a verdict of acquittal for both Defendant and Street on the three counts associated with the alleged fraudulent assignment.[2]

II. Discussion

The Hyde Amendment provides in relevant part that:

> the court, in any criminal case . . . may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust.

18 U.S.C. § 3006A (statutory note).  "[A] party moving for an award of attorney's fees under the Hyde Amendment must establish by a preponderance of the evidence that the government's position was vexatious, frivolous, or in bad faith." United States v. Truesdale, 211 F.3d 898, 908 (5th Cir. 2000).  The Hyde Amendment was enacted to target a narrow band of misbehavior by prosecutors.  It "targets prosecutorial misconduct rather than prosecutorial mistake." United States v. Bowman, 380 F.3d 387, 390 (8th Cir. 2004).  As the Eleventh Circuit noted in United

---

[2] The jury returned guilty verdicts against Street on various tax related counts.

States v. Gilbert,

> From the plain meaning of the language Congress used, it is obvious that a lot more is required under the Hyde Amendment than a showing that the defendant prevailed at the pre-trial, trial, or appellate stages of the prosecution. A defendant must show that the government's position underlying the prosecution amounts to prosecutorial misconduct-a prosecution brought vexatiously, in bad faith, or so utterly without foundation in law or fact as to be frivolous.

198 F.3d 1293, 1299 (11th Cir. 1999).

Because the terms "vexatious" or "frivolous" have not been defined for the purposes of the Hyde Amendment by the Congress, the Supreme Court or the Third Circuit, this Court will look to the decisions of the other Circuit Courts for guidance.[3]

A. Vexatious

Various circuits have held that a finding of "vexatious" under the Hyde Amendment requires a two part showing.  See United States v. Knott, 256 F.3d 20, 29 (1st Cir. 2001); United States v. Manchester Farming P'ship, 315 F.3d 1176, 1182 (9th Cir. 2003).[4]  The First Circuit noted a finding of vexatious "requires both a showing that the criminal case was objectively deficient, in that it lacked either legal merit or factual foundation, and a showing that the government's conduct, when viewed objectively, manifests maliciousness or an intent to harass or annoy." Knott, 256 F.3d at 29.  "To prove vexatiousness, the defendant must show the

---

[3] Because Defendant does not argue that the government's position was in bad faith, the Court will not discuss the "bad faith" element of the Hyde Amendment.

[4] Other circuits have defined "vexatious" as "without reasonable or probable cause or excuse." United States v. Gilbert, 198 F.3d 1293, 1298 (citing Black's Law Dictionary 1559 (7th ed. 1999)); United States v. True, 250 F.3d 410, 422 (6th Cir. 2001); In re 1997 Grand Jury, 215 F.3d 430, 436 (4th Cir.2000).  This Court will adopt the definition described above in order to avoid defining "vexatious" in such a way that its meaning overlaps significantly with "frivolous."  See United States v. Knott, 256 F.3d 20, 30 (1st Cir. 2001) ("Reading 'vexatious' to encompass such a case would render it synonymous with 'frivolous,' thus improperly rendering the term mere surplusage.").  The Court's decision that the government's position was not vexatious would remain the same under either definition.

Government had some 'ill intent.'" Manchester Farming, 315 F.3d at 1182 (citing United States v. Sherburne, 249 F.3d 1121, 1127 n.5 (9th Cir. 2003).

Defendant fails to establish either of these requirement. The government's case against the Defendant cannot be described as objectively lacking a factual foundation. Nguyen provided testimony that, if believed, clearly implicated Defendant in the alleged scheme to assign Notlim's subcontract. Nguyen testified that he had spoken to Defendant about the possibility of assigning the subcontract, that Defendant was aware that the assignment had taken place and that Defendant never informed Nguyen that Notlim's subcontract had been rescinded. Additionally, the government introduced into evidence a letter found in Defendant's office that Nguyen testified was similar to the letter shown to him by Street at the time of the assignment. Nguyen's testimony and the letter provided a sufficient factual foundation for the government's prosecution of Defendant.[5]

Furthermore, Defendant has also failed to establish that the Government's prosecution of the Defendant was motivated by maliciousness or ill-intent. Defendant attempts to establish the government's malfeasance in various ways.

First, Defendant appears to argue the government's case was vexatious because the government had substantial evidence that should have compelled the conclusion that Defendant did not have knowledge of the attempted fraud–a conclusion that according to the Defendant is supported by Defendant's acquittal.[6] Consequently, Defendant contends "it can be easily

---

[5] As discussed more throughly in the Court's analysis of whether the government's prosecution was frivolous, this Court also finds that prosecution did not lack legal merit.

[6] To the extent that Defendant argues that the government's position is vexatious or frivolous based on his acquittal, it is important to note that "acquittal alone is not the standard for an award under the Hyde Amendment." United States v. True, 250 F.3d 410, 424 (6th Cir. 2001). Furthermore, "[t]o say in hindsight that a case could not be

inferred" that these charges were brought for the improper purpose of coercing Defendant to testify against Street. (Def.'s Memo. of Law 3). Specifically, Defendant contends that after interviewing him multiple times, the government explicitly informed Defendant that he would be indicted because of "his response regarding a letter found in his former office purporting to be an approval of a subcontract agreement between [Street's] corporation, Notlim, Inc. and [Nguyen]." (Def.'s Mot. for Payment 1). He was then advised by the government that this "response was unacceptable and unless it was changed [Defendant] would be indicted." (Def.'s Mot. for Payment 3). The Court does not find that these allegations, even if true, establish the government's ill will in prosecuting the Defendant. As an initial matter, Defendant's own motion strongly suggests that the Defendant was indicted because the government did not believe Defendant's explanation regarding the letter. A decision to prosecute based on the government's disbelief of a defendant's exculpatory statement is not malicious. See United States v. Isaiah, 434 F.3d 513, 520 (6th Cir 2006) ([T]he government was not required to credit [defendant's] denial."). Furthermore, Defendant has not provided either at trial or in this motion any indication of what the substantial evidence the government had that would have compelled the conclusion that Defendant did not have knowledge of the allegedly fraudulent assignment.[7] Furthermore, even if the government decision to indict Defendant was motivated by its desire to gain leverage upon him, this by itself is insufficient to establish ill will. See United States v. Schneider, 395 F.3d 78, 88 (2d Cir. 2005) (finding that government's threat to indict if defendant

---

proved beyond a reasonable doubt is hardly the same as showing that the case was unfounded and intended to harass." United States v. Shelburne, 249 F.3d 1121, 1127 (9th Cir. 2001).

[7] Defendant in this motion does point to certain inconsistencies between Nguyen's trial testimony and prior statements about the number of times he had meet with the Defendant. Though Defendant may be correct about these inconsistencies, they do not alone support a conclusion that the government's case was motivated by ill will.

asserted his 5th Amendment rights was "merely evidence of vigorous negotiating by the government, rather than personal animus or dishonesty.")  As long the government had probable cause to indict Defendant and sufficient factual and legal foundation to present a case to the jury, this Court will not endeavor to parse the motivations of the government in charging Defendant.

Second, Defendant argues that the vexatious nature of the prosecution can be established by the government's characterization of Nguyen in its opening statement and closing argument. Specifically, Defendant argues that Nguyen was characterized by the government as an innocent easily-duped victim of the allegedly fraudulent scheme, when in fact he was a highly-educated businessman, a gambler, an alleged tax cheat and an alleged money launder.  Though Defendant may not agree with the government's characterization of Nguyen, this characterization cannot objectively be viewed as an indication of the government's ill will.  Rather, "these statements simply reflect the government's spin on the evidence."  United States v. Lindberg, 220 F.3d 1120, 1125 (9th Cir. 2000).

Third, Defendant also attempts to establish that the government's prosecution was vexatious by indicating that the government was forced to provide disclosure about the existence of a grand jury investigation into Nguyen.  The record, however, clearly indicates that Defendant's counsel was aware of this information at trial and that any admissible information related to a separate investigation of Nguyen was presented to the jury.  There is no indication that the government delayed in providing any information it was required to disclose to the Defendant.

      B. Frivolous

The government's position is "frivolous" for the purposes of the Hyde Amendment, when

it lacks "a reasonable legal basis or where the government lacks a reasonable expectation of attaining sufficient material evidence by the time of trial." United States v. Heavrin, 330 F.3d 723, 729 (6th Cir.2003); see also United States v. Bowman, 380 F.3d 387, 390 (8th Cir. 2004) ("[A] position is frivolous for the purposes of the Hyde Amendment when the position is utterly without foundation in law or fact.").[8]

The government's prosecution of Defendant cannot be characterized as lacking a reasonable legal basis or failing to attain sufficient evidence by trial. As noted above, at trial Nguyen's testimony specifically implicated Defendant in alleged fraud. Furthermore, the government introduced into evidence a letter found in Defendant's office, which Nguyen testified was similar to the letter presented to him at the time of the assignment indicating PAS approval. Therefore, there is no question that the evidence presented by the government at trial provided a reasonable legal basis for the prosecution of Nguyen. This conclusion is supported by the denial of Defendant's motion pursuant Rule 29 at trial. See United States v. Manchester Farming Partnership, 315 F.3d 1176, 1184 (9th Cir. 2003).

C. Request for Discovery

Defendant has requested that the Court permit him to conduct discovery in connection with his claims. As an initial matter, this Court notes that 18 U.S.C. § 3006A does not create an absolute right to conduct discovery. See United States v. Truesdale, 211 F.3d 898, 907 (5th Cir. 2000) (holding that Hyde Amendment does provide for discovery as a matter of right). Rather, §

---

[8] Other circuits have defined a "frivolous action" as one that is "[g]roundless ... with little prospect of success; often brought to embarrass or annoy the defendant." United States v. Gilbert, 198 F.3d 1293, 1299 (11th Cir. 1999) (citing Black's Law Dictionary 668 (6th ed.1990)); United States v. Braunstein, 281 F.3d 982, 995 (9th Cir. 2002). As noted above, this definition is not adopted since adoption would render the words of the Hyde Act surplusage. The choice of definition, however, does not affect the Court's ultimate decision that the government's position was not frivolous.

3006A provides in relevant part that:

> To determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive evidence ex parte and in camera (which shall include the submission of classified evidence or evidence that reveals or might reveal the identity of an informant or undercover agent or matters occurring before a grand jury) and evidence or testimony so received shall be kept under seal.

18 U.S.C § 3006A.  The in camera review provided by the section does not encompass the broad discovery seemingly requested by Defendant.  Furthermore, for a court to receive evidence, there must be good cause shown.  For the reasons explained above, this Court does not find that good cause has been shown why further investigation should be permitted in this matter.  Though the government was unable to establish beyond a reasonable doubt all the elements of the charges against the Defendant, its conduct is well within the range of reasonableness, and Defendant has not provided any evidence that would allow this Court to conclude otherwise.

III. Conclusion

For the reasons set forth above, the Defendant's Motion for Payment of Attorneys Fees and Costs Pursuant to 18 U.S.C. § 3006A (Doc. No. 102) is DENIED.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN H. VELARDI, SR., | : | NO. 2:06-cv-00659-2-LDD |
|     Defendant. | : | |
| | : | |

<u>ORDER</u>

And now, this 14th day of August 2008, it is hereby ORDERED that Defendant's Motion for Payment of Attorneys Fees and Costs Pursuant to 18 U.S.C. § 3006A (Doc. No. 102) is DENIED.

BY THE COURT:

S/ Legrome D. Davis, J.

Legrome D. Davis, J.